# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| KIMBERLY KHAMISI, KAIA KHAMISI, AYINDE KHAMISI, and JELANI KHAMISI, <br>　　Petitioners, <br><br> vs. <br><br> JOSEPH DETERS, et al. <br>　　Respondents. | Case No. 1:17-824 <br><br> Dlott, J. <br> Bowman, M.J. <br><br><br> **REPORT AND** <br> **RECOMMENDATION** |

Petitioners have filed individual motions for leave to proceed *in forma pauperis* (*see* Docs. 1-4) in connection with a *pro se* submission titled "Verified Emergency Temporary Restraining Order and Preliminary Injunction of Quasi-Judicial Proceedings," seeking an order requiring "Respondents to immediately release Claimants that are incarcerated and to dismiss the criminal indictments and arrests [sic] warrants for lack of jurisdiction" (Doc. 1-1, at PageID 12).

On January 2, 2018, this Court entered a Deficiency Order. (Doc. 5). In the Order, the Court construed petitioners' submission as a petition for habeas corpus relief under 28 U.S.C. § 2241 and addressed various issues that required attention before the matter could proceed. (*See* Doc. 5, at PageID 29). Specifically, the Court indicated that: (1) multiple petitioners generally are not permitted to file a single habeas petition[1]; (2) the *in forma pauperis* applications submitted by petitioners are incomplete because they were signed by a third-party who has not demonstrated authority to act as a "next friend" of petitioners[2]; (3) it appears from the face of the habeas corpus petition that the petition may be subject to dismissal without prejudice because it is premature and/or petitioners have not exhausted their state court remedies prior to filing this

---

[1] *See Acord v. California*, No. 1:17-cv-1089, 2017 WL 4699835, at *1 (E.D. Cal. Oct. 19, 2017) (citing cases).
[2] *See Tate v. United States*, 72 F. App'x 265, 266 (6thCir. 2003) (setting forth requirements for a putative "next friend").

action[3]; and (4) petitioner Jelani Khamisi has not signed the petition. (*See* Doc. 5, at PageID 29-32). The Court directed petitioners to show cause, within thirty days of the date of the Order, why the instant case should not be dismissed without prejudice as premature or on the ground that petitioners have not exhausted available administrative remedies. (Doc. 5, at PageID 32). The Court indicated that if any petitioner responded with information indicating that the action should not be dismissed, the Court would sever the petitioner's claim and require the petitioner to either pay the $5 fee required to commence a habeas action, or submit to the Court a renewed *in forma pauperis* application. The Court further ordered petitioner Jelani Khamisi to submit a signed copy of the petition with any response to the Order (Doc. 5) that he filed. Petitioners were also advised that failure to respond to the Deficiency Order within the requisite thirty-day period will result in the dismissal of the case for want of prosecution. (Doc. 5, at PageID 32).

To date, more than thirty days after the Court's January 2, 2018 Order, petitioners have failed to respond to the Order.[4]

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

---

[3]Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254.

[4]It appears that in lieu of complying with the Court's January 2, 2018 Deficiency Order, the parties have filed a new civil rights lawsuit. *See Kijai Khamisi, et al. v. Deters, et al.*, No. 18-87 (S.D. Ohio).

Accordingly, because petitioners have failed to respond to the Court's Deficiency Order issued on January 2, 2018, this case should be **DISMISSED** for lack of prosecution.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution. The Clerk of Court is **DIRECTED** to send a copy of this Report and Recommendation to petitioners Kimberly Khamisi, Kaia Khamisi, and Ayinde Khamisi at the address provided by petitioners and to send a copy of this Report and Recommendation to petitioner Jelani Khamisi at the Hamilton County Justice Center address that he provided to the Court in Case No. 17-cv-819.[5]

**IT IS SO RECOMMENDED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[5] Petitioner Jelani Khamisi has filed in this Court another habeas corpus petition under 28 U.S.C. § 2241 in which he asserts that he is in pre-trial custody on the underlying charges at the Hamilton County Justice Center. *See Jalani Khamisi v. Hamilton County, et al.*, Case No. 17-cv-819 (S.D. Ohio) (Doc. 1). This Court has issued a Report and Recommendation in that case to dismiss without prejudice to refiling after petitioner has exhausted all available state-court remedies. (*See* Case No. 17-cv-819 (Doc. 2)).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY KHAMISI,　　　　　　　　　　　　Case No. 1:17-824
KAIA KHAMISI, AYINDE KHAMISI,
and JELANI KHAMISI,
　　　Petitioners,　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
　　　vs.

JOSEPH DETERS, et al.
　　　Respondents.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).